[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 13, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-11905
Non-Argument Calendar
_____

D. C. Docket No. 04-60221-CR-WPD

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DELORES LOCKHART,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(February 13, 2006)**

Before ANDERSON, MARCUS  and WILSON, Circuit Judges.

PER CURIAM:

Delores Lockhart appeals her convictions and 30-month sentence for

misappropriation of postal funds, in violation of 18 U.S.C. § 1711, and 25 counts of making false entries and reports in connection with her employment by the U.S. Postal Service (USPS), in violation of 18 U.S.C. § 2073. On appeal, she first argues that the government did not present sufficient evidence from which a reasonable jury could have found that she acted with criminal intent, and that at most the evidence demonstrated Lockhart's failure to follow proper post office procedures.

We review de novo challenges to the sufficiency of the evidence, viewing the evidence in a light most favorable to the government. United States v. Futrell, 209 F.3d 1286, 1288 (11th Cir. 2000). "A jury's verdict cannot be overturned if any reasonable construction of the evidence would have allowed the jury to find the appellant guilty beyond a reasonable doubt." United States v. Ventura, 936 F.2d 1228, 1230 (11th Cir. 1991)(internal citations and quotations omitted). We have explained that the government's evidence is not insufficient merely because the defense produces evidence of another plausible explanation, as a jury is entitled to choose between the two theories supported by the evidence. Id.

Specific intent to defraud can be difficult to prove, and in some cases "circumstantial evidence must be introduced to allow the jury to infer intent." United States. v. Ethridge, 948 F.2d 1215, 1217 (11th Cir. 1991). Further,

"convictions challenged on sufficiency of the evidence grounds can be affirmed based on a finding that a jury reasonably could infer from circumstantial evidence that the defendants acted knowingly and willfully." United States v. Gafyczk , 847 F.2d 685, 692 (11th Cir. 1988) "The Government need not produce direct proof of scienter in a fraud case, [as] circumstantial evidence of criminal intent can suffice." United States v. Hawkins, 905 F.2d 1489, 1496 (11th Cir. 1990).

Section 1711 states:

[1] [w]hoever, being a Postal Service officer or employee. . .converts to his own use, or deposits in any bank, or exchanges for other funds or property, except as authorized by law, any money or property coming into his hands or under his control in any manner, in the execution or under color of his office, employment, or service, whether or not the same shall be the money or property of the United States. . .; or

[2] fails or refuses to remit to or deposit in the Treasury of the United States or in a designated depository, or to account for or turn over to the proper officer or agent, any such money or property, when required to do so by law or the regulations of the Postal Service, or upon demand or order of the Postal Service, either directly or through a duly authorized officer or agent, is guilty of embezzlement.

18 U.S.C. § 1711.

In this case, the government provided evidence that on an almost daily basis over a period of 3 years, Lockhart made unsupported cash refunds in her role as supervisor. The evidence suggested Lockhart was responsible for more than 1,100 entries, and that collectively these entries amounted to $166,304.56 in unsupported

refunds. The sheer volume of unsupported refunds made by Lockhart, and the enormous difference in the amount of refunds between Lockhart and others doing the exact same job at the exact same branch, support the jury's conclusion that Lockhart possessed the necessary intent to embezzle.

Lockhart also argues that the 30-month sentence imposed was unreasonable in light of the § 3553(a) factors, as this was a nonviolent offense, she was a first-time offender unlikely to re-offend, and the public is better served by allowing her to work in society so that she can pay back her debt and not cost taxpayers the money needed to house her in prison.

After United States v. Booker, 543 U.S. __, 125 S.Ct. 738, 765, 160 L.Ed.2d 621 (2005), we review sentences under the advisory guideline regime for "unreasonable[ness]." The Supreme Court, in Booker, directed sentencing courts to consider the following factors in imposing sentences under the advisory guidelines scheme:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed [treatment]; (3)the kinds of sentences available; (4) the kinds of sentence and the sentencing range. . .;(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the

4

need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a); <u>Booker</u>, 543 U.S. at ___, 125 S.Ct. at 765-66. There is no requirement, however, that the district court engage in a detailed, step-by-step analysis of every factor, as this Court has held that "nothing in <u>Booker</u> or elsewhere requires the district court to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors." <u>United States v. Scott</u>, 426 F.3d 1324, 1329 (11th Cir. 2005). Further, "the use of extra-verdict enhancements in a non-mandatory guidelines system is not unconstitutional." <u>United States. v. Duncan</u>, 400 F.3d 1297, 1303 (11th Cir.), <u>cert</u> <u>denied</u>, 126 S.Ct. 432 (2005).

At sentencing, the district court specifically stated that it was considering the § 3553 factors, and that, using those factors, it found that embezzlement of $166,000 was a crime deserving of just punishment. The court explained the need for punishment to serve as a deterrent, and the court found that Lockhart had abused a position of trust. The court also demonstrated that it had considered the nature of the crime, the defendant's history, and the applicable sentencing range suggested by the guidelines. Because the district court gave plausible reasons for imposing the sentence, including the factors that it was considering in conjunction with § 3553(a), Lockhart's sentence was not unreasonable.

5

Upon review of the record and the transcripts, and upon consideration of the briefs of the parties, we discern no reversible error.  Lockhart's convictions and sentences are affirmed.

**AFFIRMED.**