**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Luis LEDESMA, Defendant–Appellant.**

**No. 93–4316.**

United States Court of Appeals, Eleventh Circuit.

Aug. 4, 1995.

Lawrence J. Stein, Miami, FL, for appellant.

Roberto Martinez, U.S. Atty., Carol Herman, Linda Collins Hertz, Anne Ruth Schultz, Asst. U.S. Attys., Miami, FL, for appellee.

Before ANDERSON and BIRCH, Circuit Judges, and JOHNSON, Senior Circuit Judge.

ANDERSON, Circuit Judge:

Ledesma pled guilty to knowingly attempting to export two stolen motor vehicles, a Lexus and a Mercedes 560 SL convertible, in violation of 18 U.S.C. § 553(a). He was sentenced to nine months imprisonment. Ledesma was also ordered, pursuant to the Victim and Witness Protection Act of 1982 ("VWPA"), 18 U.S.C. § 3663(a), to pay restitution in the amount of $6,300 based upon losses sustained in connection with the theft of the Mercedes; the owner of the car claimed a loss of $5,690 in personal property which had been in the car at the time of the theft, an insurance deductible of $250, and rental car expenses of $450.[1] Ledesma did not participate in the theft of the Mercedes, nor was his attempted exportation of the stolen car part of the same conspiracy as the theft. He urges that the restitution order was improper because restitution was based upon injury caused by the theft of the Mercedes and not the offense of his conviction, the attempted exportation of the stolen car.

1. As the owner of the Lexus did not provide the court with an estimate of his losses, no restitution was ordered based on the theft or attempted exportation of the Lexus.

We agree, and vacate the restitution portion of Ledesma's sentence.

This case follows *a fortiori* from our decision in *United States v. Cobbs,* 967 F.2d 1555 (11th Cir.1992). Cobbs was convicted of possession of eighty-nine unauthorized access devices and of the use of one of those devices, an American Express card, to fraudulently obtain $1,516 in cash and other valuables. *Id.* at 1556. The district court ordered Cobbs to pay $54,702 in restitution, an amount representing the total loss caused by Cobbs' use of all eighty-nine access devices. *Id.* We vacated Cobbs' sentence, noting that, under *Hughey v. United States,* 495 U.S. 411, 110 S.Ct. 1979, 109 L.Ed.2d 408 (1990), the district court was authorized under the VWPA to order restitution only for the loss caused by the specific conduct underlying the offense of conviction. *Id.* at 1559. It was Cobbs' *use* of the access devices that resulted in the loss to the victims, not his mere possession of the devices. *Id.* Therefore, we held that restitution must be limited to $1,516, the loss caused by use of the single American Express card, the only *use* of an access device of which Cobbs was convicted. *Id.*

Similarly, the injury to the Mercedes' owner here was caused by the theft of the vehicle, not by Ledesma's subsequent attempt to export the stolen Mercedes. Because Ledesma was not convicted of stealing the Mercedes, he cannot be ordered to pay restitution for injury which resulted from the car's theft. Thus, the restitution portion of the district court's sentence is

VACATED.