[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 14, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-12415
Non-Argument Calendar
_____

D. C. Docket No. 04-00067-CR-HLM-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

R. SCOTT CUNNINGHAM,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(December 14, 2006)**

Before BIRCH, BARKETT and WILSON, Circuit Judges.

PER CURIAM:

R. Scott Cunningham ("Cunningham") appeals his convictions and twenty-

four month sentence for two counts of money laundering in violation of 18 U.S.C. § 1957(a) and one count of conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h). Additionally, he appeals the district court's order requiring him to pay $ 150,000 in restitution, arguing that his crimes, if any, were victimless. Upon review of the record and briefs, we find that there is sufficient evidence to support his convictions and that identifiable victims exist. Accordingly, we affirm Cunningham's convictions and sentence.

## *Background*

Cunningham's conviction is based on his alleged involvement in a Ponzi scheme that defrauded over 1600 churches in more than 40 different states. Cunningham acted as an attorney for Abraham Kennard, the creator of the scheme. Cunningham received Kennard's deposits and placed them in an escrow account, issued checks from the account, and collected fees for his management of these accounts. Cunningham was charged with knowing the fraudulent nature of the scheme based, in part, on: 1) his knowledge that Kennard had recently declared bankruptcy; 2) complaints about disbursement made by a pastor and her attorney; and 3) communications from Arkansas Assistant Attorney General Edward Swaim ("Swaim") notifying Cunningham of his suspicions regarding the nature of the monetary transactions. Cunningham challenges his conviction, arguing that the

2

both § 1957(a) and § 1956(h) require proof of the element of knowledge and that there is insufficient evidence that he knew that the money was illegally obtained.

Additionally, Cunningham argues that the district court should not have ordered him to pay restitution. Cunningham contends that the United States is the only victim in money laundering cases, and that in the absence of an identifiable victim, restitution is improper.

### *Discussion*

First, we review "challenges to the sufficiency of the evidence *de novo*, viewing the evidence in the light most favorable to the government." *United States v. Futrell*, 209 F.3d 1286, 1288 (11th Cir. 2000). "A conviction must be upheld unless the jury could not have found the defendant guilty under any reasonable construction of the evidence." *United States v. Chastain*, 198 F.3d 1338, 1351 (11th Cir. 1999). This is a difficult standard to meet, and we find that Cunningham has not met it. Kennard's recent bankruptcy, the complaints from the pastor, the discussions with Swaim, and Cunningham's own familiarity with accounting procedures provide ample basis for the inference that Cunningham was aware of the nature of the scheme. We therefore conclude that the evidence is sufficient to sustain the convictions, and affirm.

We review a district court's restitution order for an abuse of discretion.

3

*United States v. Twitty*, 107 F.3d 1482, 1493 (11th Cir. 1997). Under the Mandatory Victims Restitution Act, a sentencing court can order restitution for offenses "against property under this title . . . including any offense committed by fraud or deceit; or . . . in which an identifiable victim or victims has suffered a physical injury or pecuniary loss." 18 U.S.C. § 3663A(c)(1). The term "victim" is defined as "a person directly and proximately harmed as a result of the commission of an offense for which restitution may be ordered." 18 U.S.C. § 3663A(a)(2). However, restitution may only be ordered when the "specific conduct underlying the offense of conviction" caused a loss. *United States v. Ledesma*, 60 F.3d 750, 751 (11th Cir. 1995).

As noted by the district court, Cunningham not only deposited funds into his account, but also withdrew them by making wire transfers. We find that these wire transfers were the "specific conduct underlying the offense of conviction," and the transfers caused harm to identifiable victims, namely the defrauded churches, because the transfers decreased the amount of money the government could seize to return to the churches. Therefore, the district court did not abuse its discretion by ordering Cunningham to pay restitution and we affirm his sentence.

**AFFIRMED.**

4