[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 20 2000
THOMAS K. KAHN
CLERK

_____

No. 99-2163
Non-Argument Calendar

_____

D. C. Docket No. 98-00117-CR-T-23E

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ELIZABETH FUTRELL,
ROYCE E. FUTRELL,

Defendants-Appellants.

_____

Appeals from the United States District Court
for the Middle District of Florida

_____

**(April 20, 2000)**

Before BIRCH, DUBINA and CARNES, Circuit Judges.

PER CURIAM:

This case involves, among other things, two issues of first impression in this circuit concerning the application of the Mandatory Victims Restitution Act of 1996, 18 U.S.C. § 3663A ("MVRA"). Appellants' first issue posits whether the MVRA applies to acts in an ongoing conspiracy that began prior to the MVRA's date of enactment but concluded subsequent to the MVRA's enactment. The second issue is whether the district court may reasonably approximate the actual damage to the victim for the purpose of assessing restitution under the MVRA. Appellants also assert that the district court erred by failing to consider their ability to pay when setting the amount of restitution.

## I.

In March of 1978, Royce Futrell ("Mr. Futrell") fell and injured himself while working on a construction site for the Tennessee Valley Authority ("TVA"). Unable to work, he began receiving benefits from the United States Department of Labor, Office of Workers' Compensation Programs ("OWCP") in December of 1978. When the OWCP approved Mr. Futrell's long term disability payments, it informed him that should he return to work, he must notify the OWCP immediately, and return any disability checks he received after returning to work. Thereafter, Mr. Futrell occasionally responded to questions sent by the OWCP regarding the status of his employment and disability. In each response, Mr. Futrell attested that he had not

worked for anyone and had not received income from self-employment during the period covered by the questionnaire.

In 1997, the Department of Labor investigated Mr. Futrell and discovered that he had been driving a tractor-trailer truck for his wife's trucking company, Futrell Trucking. In August of that year, while testifying before a federal grand jury investigating whether Mr. Futrell had been working while receiving government disability payments, Mr. Futrell's wife, Elizabeth, denied that Mr. Futrell was involved in Futrell trucking in any capacity.

On March 25, 1998, the grand jury returned an indictment charging Mr. and Mrs. Futrell (the "Futrells") each with one count of conspiracy to make and use a false statement in connection with the receipt of federal disability benefits in violation of 18 U.S.C. § 371. The indictment also charged Mr. Futrell with five counts of making false statements beginning in January 1994, through March 1997, in connection with the receipt of federal disability benefits, in violation of 18 U.S.C. § 1920, and charged Mrs. Futrell with one count of making a false declaration under oath to a federal grand jury, in violation of 18 U.S.C. § 1623.

A jury convicted Mr. Futrell on all counts, convicted Mrs. Futrell of conspiracy, but found her not guilty on the perjury charge. At sentencing, the district court sentenced Mr. Futrell to 15 months imprisonment, to be followed by three years of

3

supervised release. The district court sentenced Mrs. Futrell to three years probation and ordered both defendants to pay jointly a total of $100,244.82 in restitution to the TVA.

Mr. Futrell appeals his convictions for making false statements, alleging that the district court abused its discretion in refusing to deviate from the pattern jury instructions for 18 U.S.C. § 1920. Mrs. Futrell appeals her conspiracy conviction, challenging the sufficiency of the evidence. In conjunction with the district court's assessment of restitution, the Futrells assert that the district court's order of restitution under the MVRA violated the Ex Post Facto Clause because part of the criminal conspiracy occurred before the enactment of the MVRA. The Futrells also challenge the district court's use of an estimate to assess restitution in the amount of $100,224.82, as well as its failure to consider their alleged inability to pay the amount of restitution ordered.

## II.

This court reviews a district court's refusal to give a proposed jury instruction for an abuse of discretion. *See United States v. Schlei*, 122 F.3d 944, 969 (11th Cir. 1997). We review challenges to the sufficiency of the evidence *de novo*, viewing the evidence in the light most favorable to the government. *See United States v. Chastain,* 198 F.3d 1338, 1351 (11th Cir. 1999). Our analysis of the district court's restitution

order involves three standards of review. *See United States v. Shugart,* 176 F.3d 1373, 1375 (11th Cir. 1999). First, whether the term "amount of loss" in 18 U.S.C. § 3664(e) contemplates the use of an estimation is a legal question, which we review *de novo*. *See id.* The district court's decision to allow an estimate of the victim's loss in a particular case is subject to review for an abuse of discretion. *See id.* The district court's factual finding as to the specific amount of restitution is reviewed for clear error. *See id.* "A defendant's claim that his or her sentence was imposed in violation of the Ex Post Facto Clause presents a question of law, and we review questions of law *de novo*."*United States v. Logal,* 106 F.3d 1547, 1550-51 (11th Cir. 1997). Finally, the district court's refusal to consider the Futrells' ability to pay restitution is a matter of statutory interpretation, which we review *de novo*. *See United States v. Pemco Aeroplex, Inc.*, 195 F.3d 1234, 1236 (11th Cir. 2000) (*en banc*).

## III.

Having reviewed the record, we conclude that Mrs. Futrell's sufficiency claim lacks merit. Likewise, because the district court's jury instructions adequately and correctly addressed the elements of Mr. Futrell's charged offenses as well as his defenses, we affirm the district court's decision not to deviate from the pattern jury instructions. In sum, we reject these two claims without further discussion.[1]

---

[1] *See* 11th Cir. R. 36-1.

IV.

The Futrells present three additional issues two of which concern matters of first impression in this circuit. First, the Futrells argue that the district court should have proceeded under the prior statute -- the Victims and Witness Protection Act of 1982 (VWPA), 18 U.S.C. § 3663 -- rather than the MVRA. Second, the Futrells assert that the district court's assessment of restitution based on an estimated value for damage to the victim constitutes a violation of the MVRA. Finally, the Futrells argue that the district court erred by failing to consider their ability to pay when assessing the amount of restitution.

A.

The Futrells assert that the VWPA applies, rather than the MVRA, because the conspiracy began before the effective date of the MVRA. Thus, they contend that the district court's non-compliance with the VWPA constitutes reversible error. The government argues that the district court properly applied the MVRA because the conspiracy continued after the MVRA's effective date.

A jury convicted the Futrells of participating in a conspiracy that spanned between October of 1992, and March 25, 1998. Because the conspiracy continued until March of 1998, the district court sentenced the Futrells in accordance with the MVRA, 18 U.S.C. §§ 3663A-3664, which went into effect on April 24, 1996, the

6

statute's enactment date. We have already determined that the MVRA clearly does not apply to a defendant whose criminal conduct occurred and ceased prior to April 24, 1996. *See United States v. Siegel*, 153 F.3d 1256, 1260 (11th Cir. 1998). We have not, however, decided in a published opinion whether the MVRA applies to criminal conduct which began prior to April 24, 1996, and continued after that date, but we have addressed this issue in an unpublished opinion. *See United States v. Pearlmutter*, No. 99-2332 Nov. 24, 1999 (unpublished opinion). Although an unpublished opinion is not binding on this court, it is persuasive authority. *See* 11th Cir. R. 36-2. *Pearlmutter* holds that if the MVRA takes effect during an ongoing conspiracy, then the MVRA subjects the conspiratorial acts occurring before the statutory change to the new provision. *See Pearlmutter,* at 3-4; *see also United States v. Nixon,* 918 F.2d 895, 906 (11th Cir. 1990) (applying Sentencing Guidelines to a conspiracy conviction where the conspiracy commenced before the enactment of the guidelines, but continued after enactment of the guidelines); *United States v. Wells Fargo Armored Serv. Corp.,* 587 F.2d 782, 782 (5th Cir. 1979) (applying a 1974 felony statute to a conspiracy which ran from 1968 to 1975). The ongoing nature of the conspiracy enables application of the new statute without violating the Ex Post Facto Clause. *See Pearlmutter,* at 3-4; *United States v. Terzado-Madruga*, 897 F.2d 1099, 1123 (11th Cir. 1990) (concluding that a conspiracy which began before the effective date of the

7

Sentencing Guidelines but continued after the effective date of the Guidelines "was committed after the effective date" because conspiracy is a continuing offense). Following the logic in *Pearlmutter*, we conclude that the MVRA applies to an ongoing conspiracy where the conspiracy began before the statute's effective date, but concluded after the statute's effective date. Therefore, we hold that the district court correctly applied the provisions of the MVRA when sentencing the Futrells.

B.

The Futrells also argue that the district court erred in ordering a restitution amount based upon an estimation. At the sentencing hearing, William Franson from the OWCP testified that he calculated the government's loss using information from the TVA and Mr. Futrell's gross income as stated on his income tax returns.[2] The OWCP erred in its calculation, however, by incorrectly using Mr. Futrell's gross income instead of his net income. Rather than recalculating the amounts, the government asked Mr. Franson to estimate the loss. At the conclusion of the hearing, the district court, accepting Mr. Franson's estimate, entered an order that the Futrells pay restitution in the amount of $100,224.82 to the TVA.

The plain language of the MVRA requires the district court to order restitution "in the full amount of each victim's losses as determined by the district court. . . ." 18

---

[2]Originally, the Department calculated its actual loss at $108,844.00.

U.S.C. § 3664(f)(1)(A). The government bears the burden of demonstrating the amount of the victim's loss by a preponderance of the evidence. *See* 18 U.S.C. § 3664(e). The Futrells argue that the government's burden to prove the amount of loss under the MVRA is more exacting than its burden under the Sentencing Guidelines, where, for the purposes of sentencing, "the calculation of loss is not an exact science." *United States v. Dabbs,* 134 F.3d 1071, 1081-82 (11th Cir. 1998) (noting that under the Sentencing Guidelines, "the loss need not be determined with precision. The court need only make a reasonable estimate of the loss, given the available information." (internal quotation and citations omitted)). In contrast to the Sentencing Guidelines and the prior statute, the VWPA, the MVRA makes no provision for the trial court to exercise its discretion. *See United States v. Siegel*, 153 F.3d 1256, 1259-60 (11th Cir. 1998).

To determine the amount of loss to the government caused by the Futrells' fraud, the government must first ascertain the amount of disability that should have been paid to Mr. Futrell in the absence of fraud. That amount is then subtracted from the amount actually paid to Mr. Futrell. This difference represents the amount of the government's loss.

The Futrells contend that the district court did not need to use an estimate to determine the government's loss. Rather, they argue, the government should have re-

9

computed his disability using his actual earnings, as reported on his tax returns. The Futrells argue that this figure, which comes from Mr. Futrell's tax return, is not an estimate, but is an accurate calculation of the amount of money which should be subtracted from the total amount of disability already paid to Mr. Futrell. However, the Futrells' argument neglects the fact that the OWCP's determination of the amount of disability payments considers not only actual earnings, but the disabled individual's earning capacity. Strict reliance on Mr. Futrell's tax returns fails to factor his earning capacity into the calculation.

The government is correct that, in this case, it would be impossible to determine the precise amount of restitution because there are no records which reflect Mr. Futrell's actual earned income and the extent of his ability to work during the time he received federal disability benefits. In light of the Futrells' fraud, the government reasonably speculates that the amounts reported by Mr. Futrell on his tax returns might not accurately reflect his actual earnings. Similarly, because Mr. Futrell's statements regarding his ability to work were fraudulent, they cannot be used to determine his earning capacity. Thus, any figure which purports to represent Mr. Futrell's earning capacity is necessarily an estimate. Given these inherent uncertainties in formulating the damage caused by Mr. Futrell's fraud, the government argues that

the district court reasonably elected to rely on an estimate of the government's loss based on all of the available evidence.[3]

This court has not addressed whether a court may estimate the victim's loss to determine the amount of restitution owed under the MVRA. When faced with a similar dilemma, the Eighth Circuit treated the MVRA like its predecessor on the rationale that the two statutes provide the same statutory language for determining the amount of loss. *See United States v. Jackson*, 155 F.3d 942, 949 n.3 (8th Cir. 1998). Both statutes provide that the order of restitution:

> shall require that such defendant – in the case of an offense resulting in damage to or loss or destruction of property of a victim of the offense – . . . pay an amount equal to the greater of the value of the property on the date of the damage, loss, or destruction; or the value of the property on the date of sentencing, less the value (as of the date the property is returned) of any part of the property that is returned[.]

*Id.* (quoting 18 U.S.C. § 3663(b)(1)(B); 18 U.S.C. § 3663A(b)(1)(B)). In *Jackson,* the court ruled that "[i]n the case of fraud or theft, the loss 'need not be determined with precision. The court need only make a reasonable estimate of the loss, given the

---

[3] An OWCP representative testified that in *estimating* the government's loss, he used state statistical data to determine the average amount of money that a truck driver in Florida would have made during the time Mr. Futrell received disability payments. (R7-44-45). The representative then compared that amount with the amount of money Mr. Futrell would have earned absent his injury, and calculated an appropriate percentage of that as the amount Mr. Futrell actually would have been entitled to in disability payments. (R7-45-47). The representative then subtracted that sum from the amount that the government paid Mr. Futrell to determine the government's actual loss. (R7-76). Based on this calculation, the representative testified that Mr. Futrell received $100,224.82 more than he was due. (R7-76-77. 83).

available information.'" *Id.* (quoting *United States v. Chappell*, 6 F.3d 1095, 1101 (5th Cir. 1993)).

Moreover, other courts who have addressed the prior statute have concluded that the restitution amount may be approximated. *See e.g., United States v. Teehee*, 893 F.2d 271, 274 (10th Cir. 1990) ("The determination of an appropriate restitution amount is by nature an inexact science."). Although the MVRA does not provide for the exercise of the district court's discretion in setting the amount of restitution, as did the VWPA, the use of estimation under the MVRA is justified for the same reason as under the VWPA– it is sometimes impossible to determine an exact restitution amount:

> The law cannot be blind to the fact that criminals rarely keep detailed records of their lawless dealings, totaling up every column and accounting for every misbegotten dollar. Hence, the preponderance standard must be applied in a practical, common-sense way. So long as the basis for reasonable approximation is at hand, difficulties in achieving exact measurements will not preclude a trial court from ordering restitution.

*United States v. Savoie*, 985 F.2d 612, 617 (1st Cir. 1993) (applying VWPA). In light of the difficulties in determining exactly how much Mr. Futrell could have earned, we hold that the district court did not abuse its discretion by accepting a reasonable estimate of the amount of government loss caused by his fraud. Because of the inevitable gaps in evidence in cases of this nature, the district court properly applied

the preponderance standard and did not abuse its discretion by accepting the government's approximation of its actual losses.

C.

Lastly, we reject the Futrells' contention that the district court erred in failing to consider their ability to pay when ordering restitution. Under the MVRA, the amount of restitution is not discretionary. *See United States v. Siegel*, 153 F.3d 1256, 1260 (11th Cir. 1998). "The district court must order restitution in the full amount of each victim's losses without consideration of the defendant's economic circumstances." *Id.*; *see* 18 U.S.C. § 3664(f)(1)(A). The statute is clear. The district court is not required, nor does it have the discretion, to consider the offender's ability to pay when ordering restitution under the MVRA. Accordingly, we affirm the district court's order that the Futrells pay $100,244.82 in restitution to the TVA.

V.

In conclusion, we hold first that the district court properly applied the provisions of the MVRA to an ongoing conspiracy that commenced before enactment of the MVRA, but concluded after the enactment of the statute. Second, we hold that the district court did not abuse its discretion in accepting an approximation of the actual harm suffered by the government as a result of Mr. Futrell's fraud. Finally, we hold that the district court properly ordered restitution under the MVRA without

13

considering the Futrells' ability to pay. Accordingly, we affirm the Futrells' convictions and sentences.

AFFIRMED.