[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
January 20, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-13520
Non-Argument Calendar
_____

D. C. Docket No. 04-00162-CR-WS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHN CLARK MACHTLEY, III,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

**(January 20, 2006)**

Before MARCUS, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

John Clark Machtley, III, appeals his conviction for possession of child

pornography that was transported through interstate commerce. Machtley argues that the district court should have dismissed the indictment against him because his possession of child pornography did not substantially affect interstate commerce. Because Machtley admitted that the child pornography traveled in interstate commerce, we affirm the denial of his motion to dismiss.

## BACKGROUND

Machtley was indicted for knowing possession of a computer hard drive containing more than three images of child pornography that had been mailed, shipped, or transported in interstate commerce. 18 U.S.C. § 2252A(a)(5)(B). Machtley moved to dismiss the indictment under United States v. Maxwell, 386 F.3d 1042 (11th Cir. 2004), vacated and remanded, 126 S. Ct. 321 (2005), on the ground that the pornographic images did not substantially affect interstate commerce. The district court denied this motion. Machtley pleaded guilty and admitted that the images were downloaded from the internet. Machtley reserved for appeal his challenge to the constitutionality of the indictment. Before his sentencing, Machtley filed a renewed motion to dismiss on the same interstate commerce grounds, which the district court denied. The district court sentenced Machtley to 27 months of imprisonment and three years of supervised release.

## STANDARD OF REVIEW

We review a denial by the district court of a motion to dismiss an indictment for abuse of discretion. United States v. Waldon, 363 F.3d 1103, 1108 (11th Cir. 2004). Because Machtley claims there is a jurisdictional defect, we apply the same standard of review as a sufficiency of the evidence challenge. United States v. Clay, 355 F.3d 1281, 1286 (11th Cir. 2004). We review sufficiency of the evidence challenges in criminal cases de novo, viewing the evidence in the light most favorable to the government. United States v. Futrell, 209 F.3d 1286, 1288 (11th Cir. 2000).

## DISCUSSION

Machtley argues that the government must prove that his possession of child pornography had a substantial impact on interstate commerce. He relies on United States v. Maxwell and United States v. Smith, 402 F.3d 1303 (11th Cir.), vacated and remanded, 125 S. Ct. 2938 (2005). Both of these decisions were vacated by the Supreme Court and remanded to be considered in the light of Gonzalez v. Raich, 545 U.S. —, 125 S. Ct. 2195 (2005). They are no longer binding precedents.

Even if Maxwell and Smith had not been vacated by the Supreme Court, they would not control our decision. Machtley's argument erroneously relies on

the second jurisdictional hook of section 2252A(a)(5)(B) – whether the materials used to produce the images traveled in interstate commerce – rather than the first jurisdictional hook –whether the images themselves traveled in interstate commerce. See 18 U.S.C. § 2252A(a)(5)(B). In both Maxwell and Smith, we considered whether materials that were eventually used for child pornography had previously traveled in interstate commerce, which relied on the second jurisdictional hook. See Maxwell, 386 F.3d at 1051, 1062 n.20; Smith, 402 F.3d at 1309. In Maxwell, we noted that "Congress wields the power to regulate interstate child pornography, not because such pornography has a substantial effect on interstate commerce in the aggregate, but because such pornography is a 'thing in interstate commerce.' A substantial effect need not be established for this sort of regulation . . . ." Id. at 1059 (quoting United States v. Lopez, 514 U.S. 549, 558, 115 S. Ct. 1624, 1629 (1995)). At his guilty plea hearing, Machtley admitted that the pornographic images on his computer had traveled in interstate commerce, which satisfied the first jurisdictional hook of section 2252A(a)(5)(B).

The use of the internet to transmit or receive child pornography is interstate commerce. In United States v. Hornaday, 392 F.3d 1306, 1311 (11th Cir. 2004), we held that the internet is an instrumentality of interstate commerce, and that Congress has the authority to regulate the internet to prohibit its use for harmful or

4

immoral purposes, regardless of whether that use only impacts purely intrastate conduct. Machtley admitted to use of the internet to receive images of child pornography.

## CONCLUSION

The denial of the district court of Machtley's motion to dismiss is

**AFFIRMED.**