[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 21, 2006
THOMAS K. KAHN
CLERK

No. 05-14107
Non-Argument Calendar

_____

D. C. Docket No. 03-00535-CR-4-KOB-TMP

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DONALD BARRY HESTER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

**(April 21, 2006)**

Before DUBINA, HULL and KRAVITCH, Circuit Judges.

PER CURIAM:

Donald Barry Hester appeals his convictions for using and carrying a firearm

during and in relation to drug trafficking offenses, in violation of 18 U.S.C.

§ 924(c). After a thorough review of the record, we affirm.

Hester was indicted for eight counts of conspiracy to possess with intent to distribute and of distribution of methadone, in violation of 21 U.S.C. §§ 841 and 846 (Counts 1-2, 5, 7, 9-12),[1] and three counts of using and carrying a firearm during and in relation to drug trafficking offenses, in violation of 18 U.S.C. § 924(c) (Counts 3, 6, and 8).

Hester agreed to plead guilty to the drug charges and two of the firearms counts (Counts 3 and 6), in exchange for which the government would seek dismissal of the remaining § 924(c) count (Count 8).[2] The court accepted the plea, adjudicated Hester guilty, and dismissed Count 8 of the firearm charges.

Thereafter, Hester moved to withdraw his guilty plea only in connection with the firearm charges. After confirming that Hester understood that withdrawing his plea could result in the government's decision to reinstate Count 8, which had been dismissed under the terms of the plea agreement, the court granted the motion to withdraw the plea. The court then sentenced Hester on the

---

[1] An additional count (Count 4) applied only to Hester's wife, who was also named in the indictment.

[2] The plea agreement contained a waiver of appeal provision prohibiting Hester from appealing his conviction or sentence. Thus, after Hester withdrew his plea for Counts 3 and 6, the waiver remained in effect for Counts 1-2, 5, 7, and 9-12. Hester does not raise any arguments with respect to these counts. The only issues before the court relate to the two counts for which Hester was convicted after a jury trial.

drug charges, which included enhancements for the use of a firearm, to 18 months imprisonment on each count, to run concurrently.

Hester proceeded to trial on the firearm charges and stipulated that he had three prior convictions for drug trafficking offenses on February 21, March 3, and March 5. The testimony at trial established the following: Acting as confidential informants making controlled drug buys from Hester, Chris Minshew and Tiffany Colvin went to Hester's home on February 21 to purchase methadone. During the transaction, Hester wore a small firearm in the back waistband of his pants.[3] Hester told Minshew he needed to make some more money and offered to sell Minshew a rifle for $250, but Minshew did not buy the gun at that time. On March 3, Minshew returned to Hester's home for an additional drug purchase, at which time Minshew also purchased a gun for $200. After the sale, Hester walked outside with Minshew, took out a gun, and began pointing it toward Minshew. Minshew got in his truck and drove away as he heard what he thought were five to six gunshots, and he saw Hester pulling on the gun receiver as though it was jammed. On March 5, Minshew and Colvin returned to Hester's house for another drug buy. Hester again pulled out his gun and made jokes. While he was waving

_____

[3] Minshew and Colvin disagreed regarding whether Hester removed the gun from his pants during the transaction. According to Colvin, Hester waved the gun around and made jokes, which Colvin found intimidating. Minshew testified that Hester did not remove the gun from his waistband.

the gun around, Hester patted down Minshew and Colvin and questioned whether they worked for police. Both Minshew and Colvin felt threatened by the way in which Hester was waving the gun.

The government rested its case-in-chief, and Hester moved for judgment of acquittal. The court denied the motion.

Hester's mother testified that Hester collected guns, and she confirmed that he had a permit to carry guns. Hester did not testify. The government did not present any rebuttal, and Hester did not renew his motion for judgment of acquittal.

The court instructed the jury, inter alia, that the government had to prove that the firearm was used during and in relation to a drug trafficking offense, meaning that the government had to show a connection between Hester, the gun, and a drug offense so that the presence of the firearm was not accidental or coincidental, but that the gun was used to facilitate or had the potential to facilitate a crime.

The jury convicted Hester of Counts 3 and 8 (relating to the February 21 and March 5 dates), but acquitted him of Count 6 (the March 3 date). Hester moved for a new trial, alleging that the evidence was insufficient to support his convictions. The court denied the motion. The court then corrected its original sentence imposed on the drug offenses, removing the enhancements for the firearm, and

4

sentencing Hester to 10 months on Counts 1-2, 5, 7, 9-12, to run concurrently. With respect to the firearm counts, the court sentenced Hester to 84 months imprisonment on Count 3, and 300 months imprisonment on Count 8, to run consecutively to each other and to the 10-month sentences on the remaining counts. Thus, Hester's total sentence was 394 months imprisonment.

On appeal, Hester argues that the evidence was insufficient to show that the firearms were carried "during and in relation to" a drug trafficking offense.

By filing a motion for a new trial, Hester preserved his challenge to the sufficiency of the evidence. United States v. Williams, 144 F.3d 1397, 1402 (11th Cir. 1998). Thus, we review de novo, viewing the evidence in a light most favorable to the government. United States v. Futrell, 209 F.3d 1286, 1288 (11th Cir. 2000). In doing so, we must determine whether a reasonable jury could have found the defendant guilty beyond a reasonable doubt. United States v. O'Keefe, 825 F.2d 314, 319 (11th Cir. 1987). Credibility of a witness is solely within the province of the jury. United States v. Parrado, 911 F.2d 1567, 1571 (11th Cir. 1990).

Under § 924(c), "any person who, during and in relation to any . . . drug trafficking crime . . . uses or carries a firearm" shall be sentenced to an additional term of imprisonment." 18 U.S.C. § 924(c)(1)(A). To sustain a conviction, the

government must prove both the "uses or carries" prong and the "during and in relation to" prong. United States v. Timmons, 283 F.3d 1246, 1250 (11th Cir. 2002). Here, the parties stipulated that Hester was involved in three drug trafficking offenses, and Hester concedes that the evidence showed that he carried a gun on the two dates for which he was convicted. Thus, the only issue is whether the evidence was sufficient to show that he carried the firearm "during and in relation to" the drug trafficking offenses.

"To prove the 'in relation to' requirement, the government must demonstrate that the firearm had 'some purpose or effect with respect to the drug trafficking crime; its presence or involvement cannot be the result of accident or coincidence. . . .' United States v. Frye, 402 F.3d 1123, 1128 (11th Cir.), cert. denied, 125 S.Ct. 2986 (2005) (citing Smith v. United States, 508 U.S. 223, 238, 113 S.Ct. 2050, 2058-59, 124 L.Ed.2d 138 (1993)). In other words, "[t]he gun at least must facilitate, or have the potential of facilitating, the drug trafficking offense." Id. (citations and internal punctuation omitted).

In this case, the jury heard testimony that Hester carried the gun during the drug sales. The jury also heard that Hester displayed the gun while asking the two informants if they were wired. Both witnesses testified that they felt intimidated. This evidence was sufficient for the jury to conclude that Hester carried the firearm

6

during and in relation to a drug trafficking offense.

Finally, although the jury heard testimony that Hester was an avid gun collector who regularly kept guns around the house, the jury found Minshew's and Colvin's testimony more credible. Parrado, 911 F.2d at 1571. Therefore, viewing the evidence in the light most favorable to the government, and deferring to the jury's credibility determinations, there was sufficient evidence to establish that Hester carried the gun during and in relation to a drug trafficking offense. Accordingly, we AFFIRM.