[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPT 30, 2008
THOMAS K. KAHN
CLERK

_____

No. 08-10957
Non-Argument Calendar

_____

D. C. Docket No. 07-CR-20751-DLG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MISAEL SANTANA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(September 30, 2008)**

Before CARNES, BARKETT and HULL, Circuit Judges.

PER CURIAM:

After a jury trial, Misael Santana appeals his conviction for failure to heave

to a vessel, in violation of 18 U.S.C. § 2237(a)(1).[1]  After review, we affirm.

On appeal, Santana argues that there was insufficient evidence to support his conviction.  Failure to heave to a vessel occurs when "the master, operator, or person in charge of a vessel of the United States, or a vessel subject to the jurisdiction of the United States, . . . knowingly fail[s] to obey an order by an authorized Federal law enforcement officer to heave to that vessel."  18 U.S.C. § 2237(a)(1).  To "heave to" means "to cause a vessel to slow, come to a stop, or adjust its course or speed to account for the weather conditions and sea state to facilitate a law enforcement boarding."  18 U.S.C. § 2237(e)(2).  Thus, the government bears the burden of proving that a defendant: (1) knowingly failed to obey (2) an order by a Federal law enforcement officer (3) to heave to that vessel. Id.[2]  Santana contends the government failed to prove he was operating the boat when the heave-to order occurred.  We disagree.

At trial, the government called the commanding officer of the Coast Guard cutter, Lieutenant Hayward Silcox, who ordered the vessel in question, a racing boat, to heave to.  Silcox testified that he activated the blue law enforcement light,

---

[1]Santana does not appeal his sentence of six months' imprisonment and two years of supervised release.

[2]We review de novo challenges to the sufficiency of the evidence in criminal trials, viewing the evidence in the light most favorable to the government.  United States v. Futrell, 209 F.3d 1286, 1288 (11th Cir. 2000).

broadcasted (on the radio's common channel) an order to stop, blew the cutter's whistle six times, turned on a "very loud" law enforcement siren and announced an order to stop through a bullhorn. Instead, the racing boat fled, leading the cutter on a chase for three minutes. After a helicopter shined a spotlight on the racing boat, the racing boat stopped. However, when the cutter got close enough to lower a boarding boat, the racing boat suddenly started moving again. Silcox again called for the helicopter, which flew over the racing boat and lit the racing boat with the spotlight. The racing boat stopped, and Silcox sent a team aboard.

The government also called Juan Fontanez, a member of the Coast Guard's boarding team. Fontanez testified that, when he boarded the racing boat, he saw Santana at the controls and everyone else sitting toward the back of the boat. From this evidence, a reasonable jury could conclude that Santana was the racing boat's operator.

Santana emphasizes that he presented testimony from Alexander Lara, who testified that he operated the racing boat that night. However, the jury was free to disbelieve Lara's testimony. See United States v. Thompson, 473 F.3d 1137, 1142 (11th Cir. 2006), cert. denied, 127 S. Ct. 2155 (2007) (explaining that credibility questions are resolved by the jury, and the Court will assume the jury did so in a manner that supports its verdict). We will not disturb the jury's credibility finding.

3

We note, however, that even if Lara's testimony was credited, it placed Santana in control of the racing boat after it stopped the first time and while the Coast Guard cutter was approaching with its emergency lights on. Lara admitted that he handed the controls to Santana once the boat was not moving after the first stop. Santana then started the racing boat, drove for approximately two minutes and stopped the boat only when the helicopter's spotlight shone on the boat again. Accordingly, a jury could conclude, even with this testimony, that Santana knew that the vessel was under an order to heave to and moved the racing boat anyway. In sum, there was ample evidence from which the jury could conclude that Santana was the operator of the boat and failed to comply with the Coast Guard's order to heave to.

For the first time on appeal, Santana also challenges the admission of Fontanez's testimony that none of the other passengers on the racing boat responded when he asked them if they were driving the boat.[3] Santana contends that this evidence was inadmissible hearsay and violated his Sixth Amendment right to confront witnesses. Because these arguments are raised for the first time on appeal, we review only for plain error. See United States v. Arbolaez, 450 F.3d

_____

[3]Specifically, at trial, Fontanez was asked "did you ask if anyone on the boat was an operator?" and responded that he did. Fontanez was then asked "Did anyone say to you, excluding Santana, did anyone say they were an operator of the boat?" and Fontanez responded, "No, they didn't." Santana did not object to this testimony.

4

1283, 1291 (11th Cir. 2006) (reviewing newly raised Confrontation Clause challenge for plain error). Plain error exists if there is "(1) error, (2) that is plain, and (3) that affects substantial rights. If all three conditions are met, an appellate court may then exercise discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id. (quotation marks omitted).

Here, even assuming arguendo that the admission of this testimony was error that was plain, it did not affect substantial rights. A defendant's substantial rights are prejudiced when there exists a reasonable probability of a different result if the error had not occurred. United States v. Rodriguez, 406 F.3d 1261, 1262-63 (11th Cir. 2005). Santana does not, and never has, objected to Fontanez's testimony that when he boarded all other passengers were sitting near the back of the boat and Santana was at the operator's console. Given Fontanez's other testimony that Santana was the only person near the operator's console of the boat at a time when Santana had no reason to be there unless he was driving the boat, Santana has not shown a reasonable probability that the jury would have acquitted him had the district court excluded the portion of Fontanez's testimony to which Santana now objects on appeal.

Finally, Santana argues that the district court abused its discretion when it

denied his motion to exclude testimony of a prior incident in which Santana failed to heave to. During the trial, Felix Delaverga testified that, while working as a marine interdiction agent for Customs and Board Protection, he pursued a go-fast vessel driven by Santana, who would not stop. Delaverga stated that he had turned on his lights and sirens, yelled, made hand gestures, fired two warning shots and then maneuvered into position to disable the vessel's engines, after which Santana rammed Delaverga's boat.

Under Federal Rule of Evidence 404(b), evidence of prior bad acts may be admitted only for purposes other than proof of bad character.[4] Rule 404(b) is a rule "of inclusion which allows [extrinsic] evidence unless it tends to prove only criminal propensity." United States v. Ellisor, 522 F.3d 1255, 1267 (11th Cir. 2008) (alteration in original) (quotation marks omitted). Prior bad acts evidence is subject to a three-part test for admissibility: (1) the evidence must be relevant to an issue other than the defendant's character; (2) the probative value must not be substantially outweighed by its undue prejudice; and (3) the government must offer sufficient proof so that the jury could find that the defendant committed the act.

---

[4]Rule 404(b) states:
Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident . . . .
Fed. R. Evid. 404(b).

6

Id.[5]

Here, the evidence of Santana's prior refusal to stop his vessel for law enforcement was relevant to Santana's knowledge of law enforcement vessel signals to stop and lack of mistake or accident. See United States v. Jernigan, 341 F.3d 1273, 1281 n.7 (11th Cir. 2003) (explaining that when a defendant pleads guilty to a charge that includes knowledge as an element, the defendant's knowledge is put in issue). Furthermore, at trial, Santana argued that the heave-to order was given while Lara operated the boat and that, once Santana took the controls, the boat moved at a slower rate of speed and no further orders to stop were given. This argument put in issue whether Santana's failure to heave to was knowing. The government presented sufficient evidence for the jury to conclude that Santana in fact had failed to heave to during the prior incident. Finally, the evidence of the prior incident was highly probative given that it occurred under very similar circumstances, and we cannot say its probative value was substantially outweighed by any prejudicial effect its admission may have had. Therefore, we conclude the district court did not abuse its discretion in admitting the evidence of the prior incident.

**AFFIRMED.**

---

[5]We review admissions of prior bad acts evidence for abuse of discretion. Ellisor, 522 F.3d at 1267.