[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-14415
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 5, 2009
THOMAS K. KAHN
CLERK

D.C. Docket No. 08-20191-CR-JLK

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

versus

YOKIMO ANTUAN ZALDIVAR,

Defendant–Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 5, 2009)

Before TJOFLAT, DUBINA and BARKETT, Circuit Judges.

PER CURIAM:

Yokimo Antuan Zaldivar appeals his conviction for being a felon in

possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). On appeal, Zaldivar argues that there was insufficient evidence for the jury to find him guilty.

"We review challenges to the sufficiency of the evidence de novo, viewing the evidence in the light most favorable to the government." United States v. Futrell, 209 F.3d 1286, 1288 (11th Cir. 2000). This evidence can be either direct or circumstantial. United States v. Wilson, 183 F.3d 1291, 1300 (11th Cir. 1999). The evidence is deemed sufficient if a reasonable factfinder could have found that it established that the defendant was guilty beyond a reasonable doubt. United States v. McDowell, 250 F.3d 1354, 1364–65 (11th Cir. 2001). On appeal, all reasonable inferences are drawn in favor of the jury's verdict. Id. The jury has the exclusive power to determine the credibility of witnesses, and we must defer to a jury's reasonable credibility determinations. United States v. Chastain, 198 F.3d 1338, 1351 (11th Cir. 1999).

To sustain a substantive felon in possession conviction under 18 U.S.C. § 922(g)(1), the government must prove: "(1) that the defendant was a convicted felon, (2) that the defendant was in knowing possession of a firearm, and (3) that the firearm was in or affecting interstate commerce." United States v. Deleveaux, 205 F.3d 1292, 1296–97 (11th Cir. 2000).

Upon review of the record and the parties' briefs, we discern no reversible

2

error.  The only element that is being disputed on appeal is whether Zaldivar had knowing possession of a firearm.  A police officer testified that: (1) he saw the handle of a gun in Zaldivar's hand; (2) after seeing the police officer, Zaldivar went back into his apartment, knelt next to a pile of clothes, and proceeded to make strange motions with his body while being located next to the pile of clothes; and (3) police officers then discovered a gun inside that pile of clothes.  Therefore, we find that the evidence was sufficient to convict Zaldivar, and, accordingly, we affirm his conviction.

**AFFIRMED.**