[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 08-13895
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 9, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 07-00396-CR-2-RDP-RRA

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DONALD MOULTON, SR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(June 9, 2009)

Before HULL, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

After a jury trial, Donald Moulton, Sr. appeals his convictions and sentences

for mail fraud, in violation of 18 U.S.C. § 1341, and misuse of a social security number, in violation of 42 U.S.C. § 408(a)(7)(B). After review, we affirm.

## I. Sufficiency of the Evidence

Moulton argues that the evidence is insufficient to support his convictions.[1]

## A.      Mail Fraud

To establish mail fraud under 18 U.S.C. § 1341, the government must prove beyond a reasonable doubt that the defendant "(1) intentionally participated in a scheme or artifice to defraud and (2) used the United States mails to carry out that scheme or artifice." United States v. Ellington, 348 F.3d 984, 990 (11th Cir. 2003) (quotation marks omitted). Moulton argues that the government did not prove either that he intended to defraud American Express or that he used the United States mails. We disagree.

The evidence, construed in favor of the jury's verdict, shows that in July 2003, Moulton applied for an American Express corporate account for his company, Magic City, Inc., and that in support of his application, Moulton

_____

[1]We review de novo challenges to the sufficiency of the evidence in criminal cases. United States v. Futrell, 209 F.3d 1286, 1288 (11th Cir. 2000). "[A]n appellate court must view the evidence in the light most favorable to the government, drawing all reasonable inferences and credibility determinations in favor of the verdict." United States v. Simpson, 228 F.3d 1294, 1299 (11th Cir. 2000). "A conviction must be upheld unless the jury could not have found the defendant guilty under any reasonable construction of the evidence." United States v. Byrd, 403 F.3d 1278, 1288 (11th Cir. 2005) (quotation marks omitted).

submitted a copy of Magic City's 2001 federal corporate tax return. However, the 2001 tax return included with the application had not been filed with the IRS. American Express issued Moulton a corporate charge card and mailed it from Omaha, Nebraska to Moulton's address in Trussville, Alabama via United States mail. As of the time of trial, the charge card's balance of $201,042.47 was unpaid.

The testimony of Sally Wynn, who prepared the tax return for Moulton, showed that Moulton knew the 2001 tax return he submitted to American Express had not been filed with the IRS and, therefore, was fraudulent. Wynn testified that she instructed Moulton to attach a check for $10,203 to the tax return and mail it to the IRS by March 15. Wynn was emphatic that she never mailed tax returns for her clients because of liability concerns. Wynn's testimony established that Moulton knew that he was responsible for mailing Magic City's tax return to the IRS and allowed the jury to infer that Moulton knew it was not mailed to the IRS.

In addition, the jury was free to, and obviously did, disbelieve Moulton's own trial testimony that he did not know the tax return had not been filed with the IRS. "[A] statement by a defendant, if disbelieved by the jury, may be considered as substantive evidence of the defendant's guilt." United States v. Brown, 53 F.3d 312, 314 (11th Cir. 1995). This evidence, in combination with Wynn's testimony, was sufficient for the jury to find beyond a reasonable doubt that Moulton intended

3

to defraud American Express by submitting a fraudulent tax return in support of a credit application.

There was also sufficient evidence supporting the jury's finding that Moulton used the United States mails to carry out the scheme to defraud. "One causes the mails to be used when he does an act with knowledge that the use of the mails will follow in the ordinary course of business, or where such use can reasonably be foreseen, even though not actually intended." United States v. Toney, 598 F.2d 1349, 1355 (5th Cir. 1979) (quotation marks omitted).[2] The fact that Moulton submitted an application for a credit card makes it reasonably foreseeable that the United States mails would be used to transmit the card to him once the application was approved. Thus, the evidence presented at trial was sufficient to support the jury's finding that Moulton used the United States mails.

**B.      Misuse of Social Security Numbers**

"In order to establish a violation of 42 U.S.C. § 408(a)(7)(B), the government must prove that the defendant, 'with intent to deceive, falsely represent[ed] a number to be [his Social Security number], when in fact such number [was] not [his Social Security number]." United States v. Harris, 376 F.3d 1282, 1291 (11th Cir. 2004) (citing 42 U.S.C. § 408(a)(7)(B)). "Thus, the

---

[2]This Court adopted as binding precedent decisions of the Fifth Circuit handed down prior to October 1, 1981. See Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981).

4

elements of the offense are (1) false representation of a Social Security number, (2) with intent to deceive, (3) for any purpose." Id.

Moulton argues that the government failed to prove beyond a reasonable doubt that he intended to deceive Crescent Bank ("Crescent") and Ultimate Automotive Group ("UAG") when he applied for a car loan at UAG's car dealership. The government presented evidence that Moulton completed UAG's credit application and, in the space provided for the applicant's "Social Security number," Moulton listed his company's Dunn & Bradstreet ("D&B") number rather than his social security number. This loan application was submitted to Crescent for approval, along with a paycheck stub from Moulton's employment, which listed the D&B number as his employee ID number. The government also submitted evidence that Moulton had prior convictions for using a false social security number, which the district court instructed the jury it could use to determine whether Moulton had the requisite intent.

Although Moulton testified that he accidently put his D&B number on the loan application, the jury did not believe him and, as already discussed, could use this testimony as substantive evidence of Moulton's guilt. Furthermore, representatives of both UAG and Crescent testified that their companies do not engage in corporate transactions and, thus, do not accept a D&B number. UAG's

finance manager testified that Moulton's car purchase was not represented to him as a business purchase. Additionally, the D&B numbers appear in a different format (xx-xxx-xxxx) than a social security number (xxx-xx-xxxx), making it less likely that Moulton accidentally provided his company's D&B number instead of his social security number. From this evidence, the jury could reasonably conclude that Moulton intended to deceive UAG and Crescent when he used his D&B number on the loan application.

## II. Reasonableness of 90-month Sentence

We review the reasonableness of a sentence for abuse of discretion using a two-step process. United States v. Pugh, 515 F.3d 1179, 1189-90 (11th Cir. 2008).[3] First, we look at whether the district court committed any significant procedural error, such as miscalculating the advisory guidelines range, treating the guidelines as mandatory or failing to consider the 18 U.S.C. § 3553(a) factors. Id. Then, we look at whether the sentence is substantively reasonable under the totality of the circumstances. Id. The party challenging the sentence bears the burden to show it is unreasonable in light of the record and the § 3553(a) factors. United

---

[3]At sentencing, Moulton did not object to the reasonableness of his sentence. We need not decide whether the plain error standard of review applies, however, because there is no error, much less plain error.

States v. Thomas, 446 F.3d 1348, 1351 (11th Cir. 2006).[4]  Although we do not

apply a presumption of reasonableness to a sentence imposed within the correctly

calculated advisory guidelines range, we ordinarily expect such a sentence will be

reasonable.  United States v. Hunt, 526 F.3d 739, 746 (11th Cir. 2008).

Moulton argues that his sentence is procedurally unreasonable because the

district court deferred "to the prescriptions of the guideline calculations and the

request of the Government."  The record does not support this claim.  The district

court specifically stated that the guidelines were advisory and did not impose the

96-month sentence requested by the government.  Instead it chose a 90-month

sentence based on Moulton's mitigation argument that his loss calculation "puts

him into that higher range just barely."

Furthermore, Moulton's 90-month sentence is substantively reasonable in

light of the § 3553(a) factors.  As the district court pointed out, Moulton had

"repeatedly engaged in these types of criminal behaviors."  Moulton's criminal

history, which included convictions for misuse of social security numbers,

---

[4]The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims.  18 U.S.C. § 3553(a).

indicated that previous sentences had failed to deter him from committing economic crimes. Furthermore, the district court found that Moulton's testimony at trial was "outlandish" and that his conduct before and after his arrest "showed a disregard for the criminal justice system." The district court stated that it could not "ignore the defendant's consistent denials, untrue statements, and attempts to cover up his behavior that [the court] witnessed during the trial." Considering the totality of the circumstances, we cannot say the district court abused its discretion in imposing a 90-month sentence, in the middle of the advisory guidelines range of 77 to 96 months.

**AFFIRMED.**