[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 11, 2010
JOHN LEY
ACTING CLERK

No. 09-11640
Non-Argument Calendar

_____

D. C. Docket No. 08-00039-CR-4-RH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DOROTHY DAWKINS RAINES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(January 11, 2010)

Before BLACK,  BARKETT  and PRYOR, Circuit Judges.

PER CURIAM:

Dorothy Dawkins Raines appeals her conviction for aggravated identity

theft, in violation of 18 U.S.C. § 1028A. Raines was also convicted of theft of government property, namely, a $15,587 Social Security Administration ("SSA") benefit payment made out to Peggy Loughrin, in violation of 18 U.S.C. § 641 and making, uttering, and possessing a forged security, in violation of 18 U.S.C. § 513(a). However, she does not challenge those convictions on appeal.

On appeal, Raines argues that she did not violate 18 U.S.C. § 1028A because she had lawful authority to use Peggy Loughrin's identification to cash her social security check and because Congress did not intend that her conduct constitute aggravated identity theft. Specifically, she contends that her conduct did not constitute aggravated identity theft because she believed that Loughrin gave her lawful authority to sign and cash her social security check.

Normally, we "review challenges to the sufficiency of the evidence *de novo*, viewing the evidence in the light most favorable to the government." *United States v. Futrell*, 209 F.3d 1286, 1288 (11th Cir. 2000). However, because Raines failed to move for a judgment of acquittal at the close of evidence, we review for plain error to avoid a manifest miscarriage of justice, which exists "if the evidence on a key element of the offense is so tenuous that a conviction would be shocking." *United States v. Edwards*, 526 F.3d 747, 756 (11th Cir. 2008) (quotation omitted).

"We review issues of statutory interpretation *de novo*." *United States v.*

2

*Makarky*, 499 F.3d 1246, 1248 (11th Cir. 2007). "The first rule in statutory construction is to determine whether the language at issue has a plain and unambiguous meaning with regard to the particular dispute. If the statute's meaning is plain and unambiguous, there is no need for further inquiry." *United States v. Fisher*, 289 F.3d 1329, 1337-38 (11th Cir. 2002) (internal quotation and citation omitted).

The aggravated identity theft provision requires an enhanced sentence of two years of imprisonment if a person "during and in relation to any felony violation enumerated in subsection (c), knowingly transfers, possesses, or uses, without lawful authority, a means of identification of another person . . . ." 18 U.S.C. § 1028A(a)(1). Subsection (c) includes any offense that is a felony violation of 18 U.S.C. § 641. 18 U.S.C. § 1028A(c). "[T]o support a conviction under § 1028A(a)(1), the government must prove that the defendant: (1) knowingly transferred, possessed, or used; (2) the means of identification of another person; (3) without lawful authority; (4) during and in relation to a felony enumerated in § 1028A(c)." *United States v. Hurtado*, 508 F.3d 603, 606-07 (11th Cir. 2007) (footnote omitted), *abrogated on other grounds by Flores-Figueroa v. United States*, __ U.S. __, 129 S.Ct. 1886, 173 L.Ed.2d 853 (2009).

In *Hurtado*, we held that the language of § 1028A was not ambiguous and

3

we "need not consider the title of § 1028A ("Aggravated Identity Theft") because the phrase "without lawful authority" in § 1028A(a)(1) is plain and unambiguous." 508 F.3d at 608 n.6. Further, "our reading of the plain language to prohibit the possession or use of another person's identification that was obtained by methods other than stealing does not lead to absurd results." *Id.*

Finally, the record reveals that the jury could have found beyond a reasonable doubt that Raines used Peggy Loughrin's social security number without lawful authority to cash Loughrin's $15,587 social security check, believing Loughrin's version of events.

**AFFIRMED.**