[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-14112
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 1, 2010
JOHN LEY
CLERK

D. C. Docket No. 08-00158-CR-ORL-22-DAB

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SAMMY DAVID FONTANEZ-MERCADO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(March 1, 2010)

Before DUBINA, Chief Judge, CARNES and MARCUS, Circuit Judges.

PER CURIAM:

Appellant Sammy David Fontanez-Mercado appeals his conviction for

interference with the performance of a flight attendant's duties, in violation of 49 U.S.C. § 46504. Fontanez-Mercado was on a flight from San Juan, Puerto Rico, to Orlando, Florida, and as the plane landed, he stood and opened an overhead compartment. A flight attendant told him to return to his seat, and, although he used profanity, he complied. Almost immediately, however, he rose from his seat, standing within inches of the flight attendant's face. The flight attendant reacted by pushing him into his seat, and a fight ensued.

Fontanez-Mercado raises the following three arguments on appeal: (1) the district court erred by refusing to instruct the jury on self-defense; (2) there was insufficient evidence to support his conviction; and (3) the government committed a discovery violation by failing to disclose a bracelet that belonged to another flight attendant who was involved in the altercation.

I.

On appeal, Fontanez-Mercado argues that a flight attendant initiated physical contact with him, even though his use of foul language did not justify the use of force. He contends that multiple JetBlue employees testified that flight attendants are trained not to initiate the use of force to obtain compliance from difficult passengers. Fontanez-Mercado maintains that he fought with the flight attendant to defend himself, and his constitutional right to self-defense entitled him

2

to a jury instruction on that defense. Additionally, Fontanez-Mercado argues that the district court abused its discretion in denying his motion for a new trial, related to this jury instruction, by relying on Florida law on self-defense, not federal law.

We review *de novo* the issue of whether the defense produced sufficient evidence to sustain a requested jury instruction. *United States v. Calderon*, 127 F.3d 1314, 1329 (11th Cir. 1997). We review the district court's denial of a motion for a new trial for an abuse of discretion. *United States v. Lee*, 586 F.3d 859, 865 (11th Cir. 2009). A district court's refusal to give a requested instruction is reversible error if the requested instruction was a correct statement of the law, its subject matter was not substantially covered by other instructions, and its subject matter dealt with an issue in the trial court that was so important "that failure to give [it] seriously impaired the [defendant's] ability to present an effective case." *United States v. Svete*, 556 F.3d 1157, 1161 (11th Cir. 2009) (en banc) (internal quotation marks omitted), *petition for cert. filed*, (U.S. Nov. 16, 2009) (09-7576). We may affirm the district court on any basis that finds support in the record. *United States v. Mejia*, 82 F.3d 1032, 1035 (11th Cir. 1996).

"A criminal defendant has the right to have the jury instructed on [his] theory of defense, separate and apart from instructions given on the elements of the charged offense." *United States v. Ruiz*, 59 F.3d 1151, 1154 (11th Cir. 1995). The

3

defendant's burden of presenting evidence to obtain the instruction is "extremely low," and the district court must view the evidence in a light most favorable to the defendant. *Id.* However, the requested instruction must have "some basis in the evidence." *United States v. Hedges*, 912 F.2d 1397, 1405 (11th Cir.1990) (internal quotation marks omitted).

Self-defense is an affirmative defense, and "the burden is on the defendant to prove justification by a preponderance of the evidence." *See United States v. Flores*, 572 F.3d 1254, 1266 (11th Cir. 2009), *cert. denied*, 130 S. Ct. 568 (2009). "Generally, self-defense is a defense which justifies the use of a reasonable amount of force against an adversary when a person reasonably believes that he is in immediate danger of unlawful bodily harm from his adversary and that the use of such force is necessary to avoid this danger." *United States v. Middleton*, 690 F.2d 820, 826 (11th Cir. 1982).

Viewing the evidence in the light most favorable to Fontanez-Mercado, he was not defending himself when he quickly rose from his seat after the flight attendant told him to sit down. By defying the flight attendant in an intimidating fashion, Fontanez-Mercado had completed the crime of interfering with a flight attendant, and his disobedience by quickly standing up was not justified by any immediate danger of unlawful bodily harm. Accordingly, Fontanez-Mercado was

not entitled to a self-defense jury instruction, and the district court did not err by failing to give such an instruction.

## II.

Fontanez-Mercado next argues that there was insufficient evidence to convict him of the charged conduct because although he used foul language, he never threatened anyone, and he told the flight attendant not to touch him. Fontanez-Mercado asserts that multiple airline employees testified that they are trained to defuse a situation, not use force, and the flight attendant who pushed him acknowledged that he could have backed away from Fontanez-Mercado.

We review *de novo* challenges to the sufficiency of the evidence in criminal trials, "viewing the evidence in the light most favorable to the government." *United States v. Futrell*, 209 F.3d 1286, 1288 (11th Cir. 2000). We assume that the jury made all credibility choices in the way that supports the verdict. *United States v. Thompson*, 473 F.3d 1137, 1142 (11th Cir. 2006).

It is illegal for passengers on an airplane to interfere with the duties of the flight crew. 49 U.S.C. § 46504. Section 46504 provides in part:

> An individual on an aircraft in the special aircraft jurisdiction of the United States who, by assaulting or intimidating a flight crew member or flight attendant of the aircraft, interferes with the performance of the duties of the member or attendant or lessens the ability of the member or attendant to perform those duties, or attempts or conspires to do such an act, shall be fined under title 18, imprisoned for not

5

more than 20 years, or both.

*Id.* The government is not required to prove that a defendant intended to interfere with the performance of a crew member. *United States v. Grossman*, 131 F.3d 1449, 1451-52 (11th Cir. 1997).

The record demonstrates that Fontanez-Mercado belligerently and profanely defied the flight attendant's instructions and that the flight attendant needed assistance from a co-worker to subdue Fontanez-Mercado. The evidence also shows that Fontanez-Mercado jumped out of his seat in an intimidating manner. Accordingly, sufficient evidence supports Fontanez-Mercado's conviction.

III.

Finally, Fontanez-Mercado argues that the government's presentation of a bracelet, which another flight attendant was wearing when she assisted her colleague in subduing Fontanez-Mercado, was an intentional discovery violation because the government knew enough about the bracelet to ask about it at trial. Fontanez-Mercado maintains that he suffered prejudice because he was unable to prepare to respond to the introduction of the bracelet by seeking to exclude it or have an expert examine it. Moreover, he contends that the district court's instruction to the jury to disregard the bracelet was an inadequate remedy. Thus, he claims that the district court abused its discretion by failing to declare a mistrial

because of this intentional discovery violation.

"We review cases dealing with discovery violations under Fed.R.Crim.P. 16 using an abuse of discretion standard." *United States v. Hastamorir*, 881 F.2d 1551, 1559 (11th Cir. 1989). As relevant in this case, "the government must permit the defendant to inspect and to copy or photograph . . . tangible objects, . . . if the item is within the government's possession, custody, or control." Fed.R.Crim.P. 16(a)(1)(E). The government is not required to (1) disclose items that it does not possess, or (2) acquire items in the possession of third parties. *United States v. Sarras*, 575 F.3d 1191, 1215 (11th Cir. 2009). If a discovery violation occurs, the conviction will be reversed only if the "violation prejudices a defendant's substantial rights." *United States v. Chastain*, 198 F.3d 1338, 1348 (11th Cir. 1999) (internal quotation marks omitted). We presume that the jury will follow the district court's instructions. *United States v. Williams*, 526 F.3d 1312, 1321 (11th Cir. 2008).

As a practical matter, the probative value of the bracelet was minimal because the central issue in the case was whether Fontanez-Mercado's movement out of his seat at the flight attendant was an attempt to assault or intimate him. The bracelet was irrelevant as to this issue. Additionally, there is no indication in the record that knowledge of the bracelet would have affected Fontanez-Mercado's

7

trial strategy that he was defending himself against the flight attendant's attack.  In light of the corrective instruction given by the court, the minimal probative value of the bracelet, and the lack of significant prejudice to Fontanez-Mercado, we conclude that the district court did not abuse its discretion by refusing to grant the further remedy of declaring a mistrial.  Accordingly, we affirm Fontanez-Mercado's conviction.

**AFFIRMED.**