[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-10715
Non-Argument Calendar
_____

D.C. Docket No. 3:11-cr-00034-LC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BRYAN A. POOL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(November 9, 2012)

Before CARNES, WILSON and BLACK, Circuit Judges.

PER CURIAM:

Bryan A. Pool appeals the restitution portion of his total sentence. Pool pled guilty to: (1) conspiring to fraudulently obtain mortgage loans from banks, in violation of 18 U.S.C. § 1349; (2) engaging in substantive bank fraud over the same period, in violation of 18 U.S.C. § 1344; and (3) conspiring to launder the proceeds of his bank fraud scheme, in violation of 18 U.S.C. § 1956(h). He was sentenced to a total of 57 months' imprisonment and ordered to pay $2,302,957.60 in restitution.

Pool's offenses involved a total of six residential properties, two of which are relevant in this appeal: (1) 87 Grande Pointe Drive in Santa Rosa Beach, Florida; and (2) 1720 Morrill Street, Unit 1, Building #1 in Sarasota, Florida. The Government, in support of its restitution estimate, presented documentary and testimonial evidence that a victim bank loaned Pool $1.2 million to finance the purchase of the Santa Rosa Beach property, foreclosed on that property in September 2010, and resold it in July 2011 for $345,000. The Government also presented evidence that a victim bank loaned Pool $239,270 to finance the purchase of the Sarasota property, foreclosed on that property in December 2009, and resold it in January 2010 for $27,001. Relying on the resale values as evidence of the victim banks' putative losses, the district court ordered Pool to

2

make restitution of $855,000 with respect to the Santa Rosa Beach property, and $212,269 with respect to the Sarasota property.

On appeal, Pool argues the district court erred in calculating his restitution liability on the Santa Rosa Beach and Sarasota properties. Noting the Government introduced no evidence concerning the fair market value of the properties on their foreclosure dates, Pool asserts the gaps between the foreclosure dates and the resale dates were too wide for any estimate of the fair market values to be reasonable, "particularly given the legendary and precipitous slide in Florida residential real estate values at that very point in time."

The district court's determination as to the specific amount of restitution is a factual finding reviewed for clear error, while questions of law relating to restitution are subject to *de novo* review. *United States v. Futrell*, 209 F.3d 1286, 1288-89 (11th Cir. 2000). The Government bears the burden to establish the restitution amount by a preponderance of the evidence. *Id.* at 1290; 18 U.S.C. § 3664(e).

Under the Mandatory Victims Restitution Act, the district court is required to order restitution "to each victim in the full amount of each victim's losses." 18 U.S.C. § 3664(f)(1)(A). This statutory mandate requires that a "restitution award 'must be based on the amount of loss *actually* caused by the defendant's

3

conduct.'"  *United States v. Huff*, 609 F.3d 1240, 1247 (11th Cir. 2010) (emphasis in original).  However, where difficulties arise in establishing the exact amount of restitution, a district court may accept a reasonable estimate of the loss based on the evidence presented.  *Futrell*, 209 F.3d at 1292.

Here, the district court had adequate evidence upon which to base its restitution determinations.  The Government submitted documentary and testimonial evidence to establish loss amounts for the value of the properties following foreclosure.  The district court made a specific finding that the actual loss to the victim banks for restitution purposes was the difference between the amount Pool borrowed and the amount the banks were able to obtain upon reselling the properties.  The district court did not err in relying on the resale prices.  *See Huff*, 609 F.3d at 1248 (holding that district courts, when making a reasonable determination of the restitution amount, should "resolv[e] uncertainties with a view toward achieving fairness to the victim") (quotation omitted).  Moreover, absent any evidence relating to the time frame of a housing market "crash" in Santa Rosa Beach and Sarasota—much less how such a crash affected the values of the properties in question—the court would have been required to engage in impermissible speculation to credit Pool's restitution liability below the amount established by the Government.

**AFFIRMED.**