[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 6, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-13792
Non-Argument Calendar

_____

D. C. Docket No. 07-00384-CR-RDP-RRA

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DARRYL LOVOY COOK,
a.k.a. Darryl Lavoy Cook,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(July 6, 2009)

Before DUBINA, Chief Judge, HULL and FAY, Circuit Judges.

PER CURIAM:

Appellant Darryl Lovoy Cook appeals his convictions and sentences for 18

counts stemming from a counterfeit check fraud conspiracy.

I.

On appeal, Cook argues that the government violated *Brady v. Maryland*,

373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963), by failing to: (1) provide the

ultimate outcome of a number of prior arrests for one of its witnesses, Melvin

Petty; and (2) timely provide a tape of an interrogation of another witness, Derrick

Everett, before trial began.

"[A] district court's denial of a motion for new trial based on a *Brady*

violation is reviewed for abuse of discretion." *United States v. Vallejo*, 297 F.3d

1154, 1163 (11th Cir. 2002). In *Brady*, the Supreme Court held that, under the

Due Process Clause, the government may not suppress evidence favorable to an

accused when that evidence "is material either to guilt or to punishment." *Brady*,

373 U.S. at 87, 83 S. Ct. at 1196-97.

> To establish a *Brady* violation, the defendant must show that (1) the
> government possessed favorable evidence to the defendant; (2) the
> defendant does not possess the evidence and could not obtain the
> evidence with any reasonable diligence; (3) the prosecution
> suppressed the favorable evidence; and (4) had the evidence been
> disclosed to the defendant, there is a reasonable probability that the
> outcome would have been different.

*Vallejo*, 297 F.3d at 1164. "A *Brady* violation can also occur if the prosecution

delays in transmitting evidence during a trial, but only if the defendant can show

prejudice, e.g., the material came so late that it could not be effectively used."

*United States v. Beale*, 921 F.2d 1412, 1426 (11th Cir. 1991).

The record here demonstrates that the district court did not abuse its discretion by determining that the government properly turned over exculpatory information because there was no evidence that: (1) Petty's prior arrest information was exculpatory, and that it could not have been obtained by the defense through the exercise of reasonable diligence; and (2) that the late production of the Everett interrogation tape prejudiced Cook's case.

## II.

Cook next argues that the evidence was insufficient to convict him of violating 18 U.S.C. § 1028A because: (1) § 1028A requires that allegedly stolen means of identification identify an individual, as opposed to a corporation; and (2) the fraudulent checks used by Cook's conspiracy were corporate checks, and not personal checks. Cook adds that the fraudulent checks were not payable to him, and that there was no evidence that he ever attempted to negotiate those checks.

Normally, we "review challenges to the sufficiency of the evidence *de novo*, viewing the evidence in the light most favorable to the government." *United States v. Futrell*, 209 F.3d 1286, 1288 (11th Cir. 2000). However, when a defendant fails

to raise an argument before the district court, that argument can be reviewed only for plain error. *See United States v. Moreno*, 421 F.3d 1217, 1220 (11th Cir. 2005); *United States v. Hunerlach*, 197 F.3d 1059, 1068 (11th Cir. 1999). To establish plain error, the defendant must show that there is: "(1) error, (2) that is plain, and (3) that affects substantial rights." *Moreno*, 421 F.3d at 1220. "If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (citation omitted). Because Cook did not raise his argument about the corporate nature of the fraudulent checks before the district court, we review this argument for plain error only.

Under 18 U.S.C. § 1028A, a person may not, in connection with certain enumerated felonies, "knowingly [transfer, possess, or use] without lawful authority, a means of identification of another person." 18 U.S.C. § 1028A.

We conclude from the record that the district court did not commit plain error by finding that Cook violated 18 U.S.C. § 1028A, because the evidence showed that Cook aided the knowing possession and transport of a number of fraudulent corporate checks, and that the payor signature on each of those checks was the fake signature of a real person who was authorized to draw on that

4

corporate account.  Thus, by misappropriating the individual payors' signatures, we conclude that Cook unlawfully utilized those payors' means of identification.

III.

Cook next argues that the district court erred by admitting his two written statements into evidence because he testified that: (1) the police did not read him *Miranda*[1] warnings before giving his statements; and (2) the statements that he gave were different from the written statements that the government introduced into evidence.

When reviewing a motion to suppress, we examine the district court's decision under a mixed standard of review.  *See United States v. Muegge*, 225 F.3d 1267, 1269 (11th Cir. 2000).  Factual findings are reviewed for clear error, "but the application of the law to those facts is subject to *de novo* review."  *Id.*  "The appellate court should construe the facts in the light most favorable to the party who prevailed below."  *Id.*

We will not "find clear error unless we are left with a definite and firm conviction that a mistake has been committed."  *United States. v. Crawford*, 407 F.3d 1174, 1177 (11th Cir. 2005) (internal quotation marks omitted).  "[A] trial court's choice between 'two permissible views of the evidence' is the very essence

---

[1]*Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).

of the clear error standard of review." *United States v. De Varon*, 175 F.3d 930, 945 (11th Cir. 1999) (*en banc*). "A person taken into custody must be advised of his [*Miranda* rights] prior to any interrogation." *Muegge*, 225 F.3d at 1269-70.

We conclude from the record that the district court did not clearly err by refusing to suppress Cook's written statements because the court chose to credit testimony containing facts that made those statements admissible. Under the clear error standard of review, we must defer to that credibility determination.

### IV.

Cook next argues that the district court erred in calculating his loss amount because it wrongly held him responsible for the $14,735 loss attributable to Willie Holmes and the $21,319 loss attributable to Raymond Boykin. Cook adds that there was insufficient evidence to link him to Holmes's and Boykin's criminal conduct, and, therefore, he should not be held responsible for that conduct.

The district court's loss calculation is reviewed for clear error. *United States v. Hernandez*, 160 F.3d 661, 666-67 (11th Cir. 1998). If a sentencing error "did not affect the district court's selection of the sentence imposed," then that error is harmless and a remand is unnecessary. *Williams v. United States*, 503 U.S. 193, 203, 112 S. Ct. 1112, 1120-21, 117 L. Ed. 2d 341 (1992).

A defendant's offense level can be increased based on the amount of loss

6

caused by his offense, *see* U.S.S.G. § 281.1(b)(1), which is the "pecuniary harm that the defendant knew or, under the circumstances, reasonably should have known, was a potential result of the offense." U.S.S.G. § 2B1.1(b)(1) cmt. nn. 3(A)(i) & (iv). In determining the amount of loss attributable to a defendant, the sentencing court must consider, "all acts and omissions committed, aided, abetted, counseled . . . or willfully caused by the defendant." *Id*. § 1B1.3(a)(1)(A). The Sentencing Guidelines provide an example of a getaway driver in a bank robbery who, under this provision, would be held responsible for the entire amount of money that was stolen during the robbery, even though he did not personally steal that money. *Id*. cmt. n. 2(b)(1).

We conclude that the district court did not clearly err in calculating Cook's loss amount because there was sufficient evidence for the court to find that Cook aided and abetted Boykin's criminal conduct, and that he should therefore be responsible for the amount of loss caused by Boykin. With regard to the amount of loss caused by Holmes, because subtracting that amount from Cook's total loss amount would have no impact on the latter's guideline range, we conclude that any error committed by the district court with regard to Holmes's loss amount was harmless.

V.

Cook next argues that the district court erred in imposing a sophisticated means enhancement because, even if he was responsible for all of the conduct that took place in his conspiracy, this conspiracy was a simple case of "run-of-the-mill bank fraud" that did not involve the use of fictitious corporations or any other sophisticated means to obtain, move, or hide the fraudulent assets.

We review for clear error the finding and imposition of a sophisticated means enhancement. *United States v. Robertson*, 493 F.3d 1322, 1329-1330 (11th Cir. 2007). When a party makes an assertion to the district court, he is barred by the invited error doctrine from making appellate arguments that are contrary to that assertion. *United States v. Silvestri*, 409 F.3d 1311, 1337 (11th Cir. 2005).

The Sentencing Guidelines provide for an enhancement of two levels if the offense in question "involved sophisticated means." U.S.S.G. § 2B1.1(b)(9)(C). Application note 8(b) to that guideline states that:

> . . . "sophisticated means" means especially complex or especially intricate offense conduct pertaining to the execution or concealment of an offense. For example, in a telemarketing scheme, locating the main office of the scheme in one jurisdiction but locating soliciting operations in another jurisdiction ordinarily indicates sophisticated means. Conduct such as hiding assets or transactions, or both, through the use of fictitious entities, corporate shells, or offshore financial accounts also ordinarily indicates sophisticated means.

U.S.S.G. § 2B1.1, cmt. n. 8(b).

In *United States v. Campbell*, 491 F.3d 1306 (11th Cir. 2007), we held that

8

the use of campaign accounts and credit cards issued to other people was a sophisticated means designed to conceal the defendant's fraud from the government. *Campbell*, 491 F.3d at 1315. That Campbell did not employ "offshore bank accounts or transactions through fictitious business entities" did not prevent him from using sophisticated means. *Id.* at 1316.

We conclude that the district court did not clearly err in imposing a sophisticated means enhancement because: (1) at sentencing, Cook's argument acknowledged that the scheme as a whole used sophisticated means; and (2) the conspiracy employed a number of procedures to ensure that the victim banks and accountholders would not realize what was happening.

VI.

Cook finally argues that the district court erred in imposing a manager/supervisor enhancement because: (1) the only person that he recruited into the conspiracy was Petty; (2) there was no evidence to show that Cook had any decision-making authority or control over the other co-conspirators; and (3) there was no evidence indicating that Cook kept a larger portion of proceeds from the crime.

A defendant's role as a manager or supervisor is a factual finding that we review for clear error. *See United States v. Ramirez*, 426 F.3d 1344, 1355 (11th

9

Cir. 2005). Under the Sentencing Guidelines, a defendant's offense level is to be increased by three levels if he "was a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants or was otherwise extensive." U.S.S.G. § 3B1.1(b). The factors that a sentencing court considers to decide if the managerial responsibility enhancement is applicable are: (1) exercise of decision-making authority, (2) nature of participation in the commission of the offense, (3) recruitment of accomplices, (4) claimed right to a larger share of the fruits of the crime, (5) degree of participation in planning or organizing the offense, (6) nature and scope of the illegal activity, and (7) degree of control and authority exercised over others. *Id.* (cmt. n. 4). An enhancement under this subsection is appropriate if the defendant managed or supervised at least one of the participants in the conspiracy. *Id.* (cmt. n. 2).

The district court did not commit clear error in imposing a manager/supervisor enhancement because Cook: (1) recruited Petty into the conspiracy; (2) instructed Petty to recruit other people into the conspiracy; and (3) served as the liaison between the conspirators who counterfeited and forged checks and those who cashed them. Accordingly, because there is no reversible error, we hereby affirm Cook's convictions and sentences.

**AFFIRMED.**

10