[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-12256
Non-Argument Calendar

_____

D.C. Docket No. 7:07-cr-00030-HL-TQL-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FERRELL WALKER,

Defendant-Appellant.

_____

No. 18-15283
Non-Argument Calendar

_____

D.C. Docket No.  7:17-cr-00034-HL-TQL-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FERRELL WALKER,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Middle District of Georgia
_____

(March 10, 2021)

Before MARTIN, ROSENBAUM, and BRANCH, Circuit Judges.

PER CURIAM:

Ferrell Walker was convicted for possessing child pornography in 2007. After he violated the conditions of his supervised release by possessing child pornography in 2017, his supervision was terminated and he was sentenced to 60 months' imprisonment. He was also later tried and convicted for possessing that same child pornography. In this consolidated appeal, Walker challenges both his sentence for violating the conditions of his supervised release and his criminal conviction. Walker argues that the revocation sentence is unconstitutional and the government agrees.

As to his criminal conviction, Walker raises four arguments. First, he argues that his prosecution for the same conduct that led to the revocation of his supervised release violates the Double Jeopardy Clause. Second, he says there was insufficient evidence to support his conviction for possession of child pornography.

2

Third, he says the district court abused its discretion in requiring that his two sentences run consecutively. And finally, he says the district court improperly admitted evidence of his prior offense.

We are unpersuaded by Walker's challenges to his criminal prosecution and therefore affirm his conviction and sentence. But we agree that Walker's revocation sentence violated the Ex Post Facto Clause and therefore vacate the sentence imposed for his supervised release violation and remand for further proceedings consistent with this opinion.

## I.

In 2007, Walker pled guilty to possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B). Walker accessed this pornography digitally, on a personal computer in 2005. His sentence for that conviction included a 25-year term of supervised release, which he began serving in May 2014.

In September 2017, the government searched Walker's home and found a cellphone in his bedroom, inside a pillow case on his bed. Over one thousand child pornography images were found on the cellphone. The phone also contained a photograph of Walker's driver license and a nude photograph that Walker had taken of himself. The cellphone included a sexually explicit "chat" from a messaging application in which the user of the phone sent a photo of Walker's face and of male genitalia.

3

In November 2017, Walker was arrested on a warrant for violations of his conditions of supervision. That same month, a grand jury charged Walker with possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B), based on those materials the government found on his cellphone that September.

In May 2018, the district court conducted a supervision revocation hearing. The government presented evidence about the child pornography it found on Walker's cellphone as well as the evidence linking the phone to Walker. Walker testified that he owned more than one cellphone and that the cellphone discovered in his pillow case was used by multiple people. He denied accessing or viewing any child pornography on the phone.

The district court found by a preponderance of the evidence that Walker violated a number of conditions of his supervision, including by possession of child pornography. Pursuant to 18 U.S.C. § 3583(k), the district court sentenced Walker to a mandatory minimum term of 60 months' imprisonment. Walker objected to the district court's reliance on § 3583(k). He argued that since the child pornography offense underlying his term of supervision occurred before § 3583(k) was enacted, reliance upon it in sentencing him violated the Ex Post Facto Clause of the Constitution.

In July 2018, Walker was tried before a jury on the 2017 incident of possession of child pornography. Over two days, the jury heard testimony about

4

the cellphone the government found at Walker's home, including that it contained child pornography. The jury heard evidence indicating that Walker personally accessed the phone. The evidence also included testimony that Walker admitted to a law enforcement officer that he used this phone to search for pornography featuring teens. The government admitted evidence of Walker's 2007 conviction for possession of child pornography as well.

But Walker also presented evidence that someone other than he may have used the phone to access child pornography. During cross-examination, government witnesses conceded that the cellphone had not been fingerprinted and that it was not password protected. Walker testified there were several people who were doing construction on his home at the time who regularly used the phone to access social media websites and pornography, and to sell items online. But Walker again testified he did not know there was any child pornography on the phone and denied using the phone to view child pornography.

The jury nevertheless convicted Walker of possession of child pornography. The district court sentenced Walker to 168 months' imprisonment, to run consecutively to his revocation sentence. Walker timely appealed both his revocation judgment and his 2018 conviction and sentence.

**II.**

A. <u>Walker's revocation sentence violates the Ex Post Facto Clause.</u>

We review <u>de novo</u> whether a conviction or sentence violates the Ex Post Facto Clause. <u>United States v. Futrell</u>, 209 F.3d 1286, 1289 (11th Cir. 2000) (per curiam). That clause prohibits the government from retroactively applying a law that "imposes additional punishment" for a crime than was provided for at the time the crime was committed. <u>United States v. W.B.H.</u>, 664 F.3d 848, 852 (11th Cir. 2011) (quotation marks omitted). The retroactive application of a law that "raises the penalty" for violating conditions of supervised release violates the Ex Post Facto Clause. <u>Johnson v. United States</u>, 529 U.S. 694, 699–701, 120 S. Ct. 1795, 1800–1801 (2000).

The conduct that led to Walker's first child pornography conviction occurred in 2005. At that time, the maximum sentence that could be imposed on Walker upon revocation of supervised release was two years. 18 U.S.C. § 3583(e)(3) (2003).[1] One year later, Congress enacted the new provision that prescribed a mandatory minimum five years' imprisonment for people who are required to register as a sex offender and who then commit one of a subset of offenses, including possession of child pornography. Adam Walsh Child Protection and

---

[1] Walker's conviction was classified as a class C felony as it carried a maximum punishment of between 10 and 25 years of imprisonment. <u>See</u> 18 U.S.C. § 3559(a)(3) (2004); 18 U.S.C. § 2252 (b)(2) (2003).

6

Safety Act of 2006 ("Adam Walsh Act"), Pub. L. No. 109-248, § 141(e)(2), 120

Stat. 587, 603 (codified at 18 U.S.C. § 3583(k)).  When Walker's supervised

release was revoked in 2017, the district court sentenced him to the mandatory

minimum 60 months' imprisonment prescribed by the Adam Walsh Act.  Yet, the

conduct that triggered Walker's eligibility for sentencing under 18 U.S.C. §

3583(k) occurred before the Adam Walsh Act was enacted and Walker was subject

to a lower penalty at that time.  Therefore, as the government now concedes, his

revocation sentence violated the Ex Post Facto Clause.  See W.B.H., 664 F.3d at

852.  We therefore vacate Walker's revocation sentence and remand for further

proceedings consistent with this opinion.[2]

B. <u>Walker does not show plain error in his 2018 conviction for the same
conduct that resulted in revocation of his supervised release.</u>

Walker argues that because he had already been sentenced to a term of

imprisonment for his 2017 child pornography possession when his supervision was

revoked, his subsequent prosecution for that same conduct violated the Double

Jeopardy Clause.  Ordinarily, we review de novo double jeopardy claims.  United

States v. Campo, 840 F.3d 1249, 1267 (11th Cir. 2016).  But when, as here, the

---

[2] Because we are vacating Walker's sentence on Ex Post Facto grounds, we need not address his other constitutional challenge to that sentence.  And while we are aware that United States Sentencing Guideline § 7B1.3(f) calls for serving a sentence for supervised release violations consecutive to a term of imprisonment a defendant is serving, we do not address Walker's argument on this topic because we will not pass on a sentence that has not yet been imposed.

defendant raises a double jeopardy claim for the first time on appeal, we review only for plain error.  Id.  To succeed on plain error review, a defendant must show an "error that is plain; that affects substantial rights; and that seriously affects the fairness, integrity, or public reputation of judicial proceedings."  United States v. Holt, 777 F.3d 1234, 1261 (11th Cir. 2015) (quotation marks omitted).  "A plain error is an error that is obvious and is clear under current law," which means that there "can be no plain error where there is no precedent from the Supreme Court or this Court directly resolving it."  United States v. Lange, 862 F.3d 1290, 1296 (11th Cir. 2017) (quotation marks omitted).

Ordinarily, a sentence resulting from the revocation of supervised release does not raise double jeopardy issues.  That is because the revocation is considered punishment for the original offense conduct, not whatever conduct led to the revocation.  See Johnson, 529 U.S. at 701, 120 S. Ct. at 1801 (attributing "postrevocation penalties to the original conviction.").

However, revocation penalties imposed pursuant to 18 U.S.C. § 3583(k) may indeed raise double jeopardy concerns.  In United States v. Haymond, 588 U.S.__, 139 S. Ct. 2369 (2019), a fractured Supreme Court determined that imposing a sentence under 18 U.S.C. § 3583(k) without empaneling a jury violated a defendant's right to a jury trial.  Id. at 2378–79, id. at 2386 (Breyer, J.,

8

concurring).  In his controlling concurrence,[3] Justice Breyer explained that this

provision operates "less like ordinary revocation and more like punishment for a

new offense, to which the jury right would typically attach."  Id. at 2386 (Breyer,

J., concurring).  He pointed to three aspects of the provision that informed his

conclusion:

> First, § 3583(k) applies only when a defendant commits a discrete set of federal criminal offenses specified in the statute.  Second, § 3583(k) takes away the judge's discretion to decide whether violation of a condition of supervised release should result in imprisonment and for how long.  Third, § 3583(k) limits the judge's discretion in a particular manner: by imposing a mandatory minimum term of imprisonment of "not less than 5 years" upon a judge's finding that a defendant has "committed any" listed "criminal offense."

Id. (alteration adopted).  For these reasons, Justice Breyer concluded that § 3583(k)

"more closely resemble[s] the punishment of new criminal offenses, but without

granting a defendant the rights . . . that attend a new criminal prosecution."  Id.  He

therefore joined the plurality in finding § 3583(k) unconstitutional as applied.  Id.

---

[3] "When a fragmented Court decides a case and no single rationale explaining the result enjoys the assent of five Justices, the holding of the Court may be viewed as the position taken by those Members who concurred in the judgments on the narrowest grounds."  Marks v. United States, 430 U.S. 188, 193, 97 S. Ct. 990, 993 (1977) (quotation marks omitted).  Justice Breyer's concurrence is narrower than the plurality opinion because he does not "transplant the Apprendi line of cases to the supervised-release context."  Haymond, 139 S. Ct. at 2385 (Breyer, J., concurring).  His concurrence is therefore controlling.  See also United States v. Savarese, __ F. App'x __, 2021 WL 194147, at *3 (11th Cir. Jan. 20, 2021) (unpublished) (noting that Justice Breyer's concurrence in Haymond is "binding").

Walker argues that the same aspects of § 3583(k) that make it similar to punishment for a new criminal offense for the purposes of the right to a jury trial make it similar to punishment for a new criminal offense for the purposes of the Double Jeopardy Clause.  We note that the Tenth Circuit, in the opinion that the Supreme Court took up in Haymond, noted that § 3583(k) may raise double jeopardy concerns for the very reasons Walker raises.  United States v. Haymond, 869 F.3d 1153, 1165 (10th Cir. 2017), vacated by 588 U.S.__, 139 S. Ct. 2369 (2019).

Walker's problem is that he has failed to show a double jeopardy violation that constitutes plain error.  In this circuit, for error to be "plain" there must be "precedent from the Supreme Court or this Court directly resolving it."  Lange, 862 F.3d at 1296 (quotation marks omitted).  Neither the plurality opinion nor Justice Breyer's controlling concurrence in Haymond even mentions the potential double jeopardy implications of their reasoning.  See generally Haymond, 139 S. Ct. at 2371–86.  While the reasoning of Justice Breyer's concurrence may support Walker's argument, Haymond does not directly resolve the double jeopardy question.  Therefore, any error on this issue is not plain and we cannot find any double jeopardy violation in this case.

C. <u>Sufficient evidence supported Walker's 2018 conviction for possessing child pornography.</u>

We review <u>de novo</u> a challenge to the sufficiency of the evidence. <u>United States v. Moran</u>, 778 F.3d 942, 958 (11th Cir. 2015). If, after reviewing the evidence "in the light most favorable to the government" we find that "any rational trier of fact could have reached a verdict of guilty," we must affirm the verdict. <u>United States v. Wetherald</u>, 636 F.3d 1315, 1320 (11th Cir. 2011). When we review the sufficiency of the evidence, we do not usurp the jury's role in resolving conflicts in testimony, weighing the evidence, or drawing reasonable inferences. <u>Musacchio v. United States</u>, 577 U.S.__, 136 S. Ct. 709, 715 (2016).

In order to prove a defendant possessed child pornography in violation of 18 U.S.C. § 2252(a)(4)(B), the government must show, beyond a reasonable doubt, that a defendant "knowingly" possessed or accessed the material at issue. Walker argues that the government failed to present sufficient evidence that he "knowingly" possessed the child pornography it found on the cellphone in his home. He points out that the phone was not password protected, that many people used the phone, and that the government did not present any direct evidence as to who downloaded the child pornography onto the phone.

In fact, the government presented ample evidence that Walker used the phone. It contained a photo of his driver license and a nude photograph Walker had taken of himself. The cellphone also included a sexually explicit "chat" from a

11

messaging application in which the user of the cellphone sent a photo of Walker's face and of male genitalia. The phone was found in a pillowcase in the bedroom of Walker's home. And Walker admitted to using the phone to search for pornography that featured teens. The government also introduced evidence that there were "numerous" images of child pornography on the phone. Given the volume of child pornography on the phone and the numerous pieces of evidence establishing that Walker used the phone, it was reasonable for the jury to find that Walker knew there was child pornography on the phone that he possessed. We therefore reject Walker's sufficiency of the evidence challenge to his conviction.

D. The district court did not abuse its discretion in admitting evidence of Walker's 2007 conviction.

We review the district court's evidentiary rulings for abuse of discretion. United States v. Woods, 684 F.3d 1045, 1062 n.17 (11th Cir. 2012) (per curiam). Walker says the introduction of evidence of his 2007 conviction violated Federal Rule of Evidence 404(b). That rule prohibits the admission of "evidence of other crimes" unless the government can demonstrate "(1) a proper purpose for introducing the evidence; (2) that the prior act occurred and that the defendant was the actor; and (3) that the probative value of introducing the evidence outweighs any prejudicial effect the evidence might have." United States v. Cancelliere, 69 F.3d 1116, 1124 (11th Cir. 1995) (quotation marks omitted and alteration adopted).

12

One proper purpose is to prove "knowledge . . . or absence of mistake." Id. (quotation marks omitted).

Walker says the government did not have a proper purpose in introducing evidence of his 2007 conviction because he did not raise an accident or mistake defense. But the prior conviction was still relevant to whether Walker had "knowingly" possessed or accessed the material at issue. 18 U.S.C. § 2252(a)(4)(B). Walker put this question into issue by disclaiming any knowledge there was child pornography on the phone found in his home. The fact that Walker had previously accessed and possessed a significant amount of digital child pornography undermined the plausibility of his testimony that he was unaware that the cellphone at issue in 2018 contained a significant amount of digital child pornography.

Walker also says the 2007 conviction was more prejudicial than probative and therefore failed on the third prong of admissibility under Rule 404(b). See Cancelliere, 69 F.3d at 1124. But we see no abuse of discretion in the district court's decision to admit the evidence. The prior offense was very similar to the one for which he was standing trial and Walker's entire defense was to dispute the government's evidence of the knowledge requirement of 18 U.S.C. § 2252(a)(4)(B). The fact that he had a history of accessing child pornography through digital means tended to rebut that defense.

Therefore, we **VACATE** Walker's conviction Walker's revocation sentence and **REMAND** for further proceedings consistent with this opinion, and we **AFFIRM** his 2018 conviction and sentence.